McCAIN, Judge.
Plaintiff-appellant appeals dismissal of its amended complaint seeking declaratory relief as to its rights, duties and obligations as trustee-owner of certain lands subject to a restrictive covenant. We reverse.
In December 1962, defendant-appellee, Shell Oil Company, bought from Clayco Corporation the land on which it presently operates a gasoline station. The conveyance contained a covenant stating:
“Grantor covenants that from the date hereof that no gasoline, lubricants or other petroleum products for motor vehicles shall be advertised, stored, sold or distributed on or from any other property now or hereafter owned or directly controlled by Grantor and described as follows:
[Description of land]
This covenant shall run with the land and shall bind the successors and assigns of Grantor and inure to the benefit of the successors and assigns of Grantee.”
In September 1963 Clayco Corporation established a trust and conveyed land to the trustee, Citizens National Bank, plaintiff-appellant herein. This land was subject to the restrictive covenant.
Plaintiff by alleging itself to be the trustee and owner of the lands in question, qualified as a proper party having a sufficient interest in the land burdened by the restrictive covenant to maintain the action. Plaintiff’s right to sell these lands is a reasonable inference from the pleadings.[1]
We observe the covenant is without duration, and plaintiff has alleged changes in circumstances in support of its claim that the covenant is void.
The test as to the duration of a restrictive covenant on land use is ordinarily whether or not the original purpose and intention of the parties to such restrictive covenant can be reasonably carried out, in the light of the alleged materially changed conditions. The maxim applicable is “lex non cogit ad impossibilia” particularly where no specified reasonable term has been set out in the restrictive covenant.[2]
The amended complaint raises these issues. Whether they are sufficient to void the covenant is for determination in the lower court based upon the facts and evidence presented.
Plaintiff’s contention that the restrictive covenant is void under F.S. 542.12, F.S.A. is specifically rejected.
Accordingly, the order dismissing the amended complaint is reversed and this cause is remanded for further proceedings consistent herewith.
Reversed and remanded.
CROSS, C. J., and REED, J., concur.

. Kendry v. State Road Department, Fla.App.1968, 213 So.2d 23; Russell v. Community Blood Bank, Inc., Fla.App.1966, 185 So.2d 749.

. Barton v. Moline Properties, Inc., 1935, 121 Fla. 683, 164 So. 551, 103 A.L.R. 725.